IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VLADIMIR DRINKMAN, | : | Civil No. 3:22-cv-691 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| WARDEN, FCI-ALLENWOOD, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Vladimir Drinkman ("Drinkman"), an inmate currently incarcerated at the

Federal Correctional Institution, Allenwood, Pennsylvania ("FCI-Allenwood"), initiated the

above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241. (Doc. 1). Drinkman seeks an Order directing the Bureau of Prisons ("BOP") to

award him earned time credits ("ETC") pursuant to the First Step Act ("FSA") and to

immediately release him from custody. (*Id.* at p. 7). For the reasons set forth below, the

Court will dismiss the habeas petition.

I.     **Background**

Drinkman is serving a 144-month term of imprisonment imposed by the United

States District Court for the District of New Jersey for conspiracy to commit unauthorized

access to protected computers and conspiracy to commit wire fraud. (Doc. 12-1, pp. 6-8).

Drinkman's projected release date is October 28, 2022, via good conduct time release.

(*Id.*).

The Administrative Remedy Generalized Retrieval reveals that Drinkman filed two (2) administrative remedies while in BOP custody. (*Id.* at pp. 16-17). Neither of the administrative remedies pertain to time credits under the First Step Act. (*Id.* at p. 17). On September 25, 2019, Drinkman filed administrative remedy number 1006544-R1 concerning a hearing before a Discipline Hearing Officer. (*Id.*). On February 13, 2020, the administrative remedy was closed. (*Id.*). On July 30, 2020, Drinkman filed administrative remedy number 1044965-R1 relating to a request for compassionate release. (*Id.*). The administrative remedy was rejected because Drinkman failed to file the remedy through the institution for the Warden's review and response before filing an appeal at the indicated level. (*Id.* at pp. 5, 17).

In his § 2241 petition, Drinkman asserts that he is entitled to the application of earned time credits. (Doc. 1). Respondent contends that Drinkman's § 2241 petition must be dismissed because he failed to exhaust his administrative remedies before filing this action in federal court. (Doc. 12).

II.    **Discussion**

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record

2

and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *See id.* at 762. However, exhaustion is not required when it would not promote these goals, such as when exhaustion would be futile. *See, e.g.*, *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury"). Further, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" *Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1,

3

2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)).

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment.  28 C.F.R. §§ 542.10-542.19 (2005).  If an issue raised by the inmate cannot be resolved through this administrative remedy system, the BOP will refer the inmate to appropriate statutorily mandated procedures.  28 C.F.R. § 542.10(c).  The system first requires an inmate to present their complaint to staff before filing a request for administrative relief, which staff shall attempt to informally resolve.  28 C.F.R. § 542.13(a).  If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date of the event or occurrence and the Warden shall provide a response within twenty calendar days.  28 C.F.R. §§ 542.14, 542.18.  If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days.  28 C.F.R. § 542.15(a).  The Regional Director has thirty calendar days to respond.  28 C.F.R. § 542.18.  Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response.  28 C.F.R. § 542.15(a). No administrative remedy appeal is considered fully exhausted until reviewed by the BOP's Central Office.  28 C.F.R. § 542.15(a).

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY").  In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional, and Central Offices.  SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief.

Drinkman's Administrative Remedy Generalized Retrieval report reveals that he failed to properly exhaust the claims in the instant habeas petition.  (Doc. 12-1, pp. 16-17). The record reflects that Drinkman filed two (2) administrative remedies and neither of the administrative remedies relate to time credits under the First Step Act.  (*Id.*).

Drinkman asserts that because he filed a motion for compassionate release, he has exhausted the BOP's administrative remedy procedure.  (Doc. 1, p. 3).  Drinkman's argument is misplaced.  With respect to a motion for compassionate release, a defendant must present his application to the BOP and then either: (1) administratively appeal an adverse result if the BOP does not agree that the sentence should be modified, or (2) wait for thirty (30) days to pass.  *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Raia*, 954 F.3d 594 (3d Cir. 2020).  Even though Drinkman contends that he requested compassionate release to the Warden at FCI-Allenwood on February 12, 2022, the Warden denied the request on February 15, 2022, and thirty (30) days have passed, he has not presented any evidence that he exhausted his request for earned time credits under the First Step Act

5

pursuant to the BOP administrative remedy procedure. (Doc. 1, pp. 3, 10). Although Drinkman may have satisfied § 3582(c)(1)(A)'s statutory exhaustion requirement, he has not exhausted his BOP administrative remedies with respect to his request for earned time credits under the First Step Act. Because Drinkman has clearly failed to exhaust his administrative remedies, the § 2241 petition must be dismissed.

## III.   Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: July 27, 2022